UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL GARY BARBER,

      Petitioner,

v.

CHARLES DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

      Respondent.
_____

Civil No. 06-512-HA

ORDER

HAGGERTY, Chief Judge:

      On April 10, 2006, petitioner filed a Petition for a Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) wrongfully delayed performing its duty to process his request to be placed in the Drug and Alcohol Treatment Program (DAP). For the following reasons, the Petition is denied.

1 - ORDER

The United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Relatedly, Congress made one-year sentence reductions available to certain prisoners who completed the substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B). The reduction provided by § 3621(e) is recognized as a tangible, significant incentive to prisoners to complete a drug abuse program. *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997). An inmate who knows, prior to enrollment, that he or she is eligible for the one-year sentence reduction is more likely to enroll and complete the program, thereby creating a more effective use of the program. *Id*.

"BOP rules require an eligibility determination to be made when a prisoner requests admission into DAP, and there are no restrictions on when that request can be made." *Wade v. Daniels*, 373 F. Supp. 2d 1201, 1202 (D. Or. 2005). The BOP retains discretion as to whether to grant a reduction in an enrollee's sentence upon completion of the program, but such discretion is irrelevant to the determination of *eligibility* for the reduction upon the request of the inmate for placement into DAP. *See Cort*, 113 F.3d at 1085. "A prisoner's right to *consideration* for early release is a valuable one that we have not hesitated to protect." *Id*. (citation omitted) (emphasis in original).

However, because federal courts may not issue advisory opinions, the ripeness doctrine demands that litigants state a claim on which relief can be granted and that litigants' asserted harm is "direct and immediate" rather than speculative or hypothetical. *Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990), citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or

2 - ORDER

'hypothetical'"); *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298 (1979) (plaintiff "must demonstrate a realistic danger of sustaining a direct injury"). Thus, if a speculative and remote course of events that stands between the litigant and its contemplated injury, that case's time has not yet come. *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991).

Here, there is no dispute that petitioner's current projected good conduct time release date is March 29, 2016. Since there is no risk at this time that petitioner's one-year sentence reduction upon completing DAP could be compromised by the BOP's current delay in processing petitioner's DAP application, petitioner's claim for relief is not yet ripe for judicial review. *Cf. Dumlao v. Daniels*, 06-1462, 2007 WL 268230, *1 (D. Or. Jan. 25, 2007) (finding petitioner's rights were violated because his opportunity for a one-year sentence reduction had been compromised by BOP's conduct).

## **CONCLUSION**

This court concludes that petitioner's claim is not ripe. Accordingly, petitioner's Petition [2] is DENIED without prejudice.

IT IS SO ORDERED.

DATED this  20   day of February, 2007.

                                                   /s/   Ancer L. Haggerty
                                                      Ancer L. Haggerty
                                              United States District Judge